NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDY TURKIEH MIZRAHI,<br>          Plaintiff,<br><br>v.<br><br>CHECKOLITE INTERNATIONAL, INC. and LEON BIBI,<br><br>          Defendants. | Civil Action No. 14-cv-7987-JLL-JAD<br><br>**OPINION** |

**LINARES,** District Judge**.**

This matter comes before the Court on Defendant's Motion to Dismiss the Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth counts of Plaintiff's Complaint, as well as all claims against Defendant Leon Bibi, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendants' Motion to Partially Dismiss is denied.

### I. BACKGROUND

Defendant, Checkolite International, Inc. ("Checkolite") is a New Jersey based company that manufactures lamps and lighting fixtures, which are sold to retailers in Mexico. Compl. ¶¶ 3, 10-11, Dec. 23, 2014, ECF No. 1. Defendant Leon Bibi ("Bibi") operates as the Chief Executive Officer of Checkolite and is a resident of New Jersey. *Id.* ¶ 4. Plaintiff Eddy Turkieh Mizrahi ("Mizrahi") is a citizen of Mexico. *Id.* ¶ 2.

On January 1, 2010, Mizrahi and Checkolite entered into a Manufacturer's Sales Representative Agreement, which appointed Mizrahi as the exclusive sales representative

for Checkolite in Mexico. *Id.* ¶ 12. The contract provided that Mizrahi was allotted the exclusive right to sell Checkolite products in Mexico in exchange for a commission. *Id.* Mizrahi was then responsible for the promotion and expansion of existing and potential accounts. This agreement was set to terminate on December 31, 2012, with a provision that allowed for early termination with 120 days notice. *Id.* On January 1, 2013, Mizrahi and Checkolite entered into a nearly identical contract, but with a larger scope of products to be sold by Mizrahi and no option to terminate the contract prior to its December 31, 2015 expiration. *Id.* ¶ 13-14.

Mizrahi alleges that in February 2013, Bibi informed Mizrahi that a client was to be removed from his exclusive territory. He then refused to pay Mizrahi his commissions. *Id.* ¶ 17. Mizrahi claims that at that time he was owed $127,679.85 for sales made in 2012, and $46,344.50 for sales made in 2013. *Id.* ¶ 18. Mizrahi also states that Bibi requested that Mizrahi refrain from initiating legal proceedings to collect this debt provided that Mizrahi would be paid $5,000 weekly until the debt was fulfilled. *Id.* ¶ 20. Between May 6, 2013 and June 6, 2013, $5,000 payments were made in weekly installments to Mizrahi. However, after June 6, 2013 no other payments were received. *Id.* ¶¶ 22-23. Mizrahi also claims that Checkolite deprived him of an unascertained amount of commission by violating his contractual right to exclusively sell specified products in Mexico. Defs.' Mot. Dismiss 2, June 12, 2015, ECF No. 19.

Mizrahi commenced arbitration proceedings on August 1, 2013 against Checkolite to recover the remaining $154,024.35 balance on his commission. Compl. ¶ 25. Mizrahi states that around the same time as this filing, Checkolite fraudulently transferred its assets to a third party so that the assets were beyond the reach of

Checkolite's creditors. *Id.* ¶¶ 45-46. In turn, Mizrahi no longer responded to arbitration requests. *Id* ¶ 26.

On December 23, 2013 Mizrahi commenced this action asserting 10 claims, including breach of contract, fraud, and equitable relief against both Checkolite and Bibi. Compl. ¶ 1. Currently before the Court is Defendants' 12(b)(6) motion to partially dismiss certain counts of the Complaint.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the

presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss Plaintiff's Fraud and NJUFTA Claims

Defendants argue that Plaintiff's fraud claim is duplicative of the breach of contract claims and must be dismissed. Defendants further assert that the fraud and New Jersey Uniform Fraudulent Transfer Act ("NJUFTA") claims should be dismissed for lack of specificity.

To state a claim for fraud in accordance with New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damage. *Kassin v. Compucom, Inc.*, 2012 WL 893097, at *3 (D.N.J. March 15, 2012) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citation omitted)). The alleged misrepresentation of fact cannot be based solely on an unfulfilled promise to perform. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1186 (3d Cir. 1993) (citing *Anderson v. Modica*, 73 A.2d 49, 53 (N.J. 1950)).

Additionally, fraud allegations are measured under the heightened pleading standard of Fed. R. Civ. P. 9(b). *Lum v. Bank of Am.*, 361 F.3d 217, 220 (3d Cir. 2004) (analyzing Fed. R. Civ. P. 9(b) to state that all claims based on fraud are subject to the heightened pleading requirement). Under this standard, fraud allegations "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Alleging details

4

in the complaint regarding the time, date, or place of the fraud, who made the misrepresentation, to whom it was made, and the general content of the misrepresentations will usually satisfy the particularity standard. *See, e.g., Lum,* 361 F.3d at 224 (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

Here, Plaintiff adequately pleads the fraud and violation of UFTA claims. The Complaint alleges that Defendants never had any intention of repaying Mizrahi and structured Checkolite's insolvency to deliberately block Mizrahi from securing his commission payments. Plaintiff further points to specific circumstances during which the misrepresentations allegedly took place. The Court will deny the motion to dismiss the fraud claims against both Defendants Checkolite and Bibi.

### B.  Defendant's Motion to Dismiss Promissory Estoppel, Unjust Enrichment and Quantum Meruit Claims

Defendants assert that Plaintiff's quasi-contractual claims cannot stand when a written and signed contract is the nexus of the dispute and when the claims fully overlap with the breach of contract claims. *See Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 288-89, 516 N.E.2d 190, 193 (1987). *See also Shapiro v. Solomon,* 126 A.2d 654, 658-59 (N.J. Super. Ct. App. Div. 1956). Defendants further recite this Court's past ruling, which stated that Plaintiff's quasi-contract claims "arise out of --- or, at a minimum, relate to --- the terms of the parties' Agreements, and in particular, monies that Plaintiff believes he is owed pursuant to work he performed under the Agreements." (Mar. 31, 2015 Order at 3-4).  To be sure, Plaintiff's claims have common roots, but at this stage, Plaintiff's quasi-contract pleadings are sufficient.

Plaintiff is not barred from offering alternative or inconsistent theories of recovery arising out of the same facts. *Kancor Americas, Inc. v. Atc Ingredients, Inc.*, No. 14–cv–4107, 2015 WL 1530740, at *3 (D.N.J. Apr. 6, 2015) (denying defendant's motion to dismiss plaintiff's unjust enrichment claim despite a concurrent breach of contract claim because plaintiffs may plead alternative causes of action); *Simonson v. Hertz Corp.,* Civ. No. 10-1585, 2011 WL 1205584, at *7 (D.N.J. Mar. 28, 2011) (stating that unjust enrichment claims and breach of contract claims are regularly both allowed to proceed at the pleading stage because dismissal of one of the claims could be premature).

At least until the scope and understanding of the governing contract between Plaintiff and Defendants comes into sharper focus, the Court will deny Defendants' 12(b)(6) motion as it relates to the quasi-contract claims.

### C. Defendant's Motion to Dismiss Plaintiff's Claims Against Individual Defendant

Defendants argue that Bibi signed the agreements only in his capacity as an officer of the corporation and is therefore not an individual party to those contracts. Defs. Mot. Dismiss 9. As a general principle, individuals are not held liable for a contract that she or he signed. *See, e.g. Sciamarelli v. Semet*, No. A-0448-09T2, 2010 WL 1924717, at *4 (N.J. Super. Ct. App. Div. May 10, 2010); *Macysyn v. Hensler*, 748 A.2d 591, 597 (N.J. Super. Ct. App. Div. 2000).

Here, Plaintiff's allegations include accusations that individual Defendant Bibi attempted to negotiate a separate agreement after the initial contract was signed and fraudulently shifted funds to avoid payment to Mizrahi. The exact contours of the individual Defendant's role in the alleged subsequent agreements must be further

explored before this Court can find individual Defendant not liable. Thus, Plaintiff's claims are plausible and the 12(b)(6) motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motions to Dismiss Counts Six, Seven, Eight, Nine, and Ten against Defendant Checkolite and all Counts against Defendant Bibi are **DENIED**. An appropriate Order accompanies this Opinion.

DATED: July 15, 2015

                                          s/ Jose L. Linares
                                          JOSE L. LINARES
                                          U.S. DISTRICT JUDGE