**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDY TURKIEH MIZRAHI, | CIVIL ACTION NO. 14-7987 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| CHECKOLITE INTERNATIONAL, INC., et al., | |
| Defendants. | |

**LINARES, District Judge**

**IT APPEARING THAT:**

1. Pending before this Court is the plaintiff's motion to withdraw a reference of certain claims to the United States Bankruptcy Court for the District of New Jersey (hereinafter, "Bankruptcy Court"). (See dkt. 105 through dkt. 105-4; dkt. 111.)[1] The motion to withdraw the reference is opposed by the defendants Enchante Accessories and Enchante Lites, LLC (collectively hereinafter, "the Enchante Defendants") only. (See dkt. 107 through dkt. 107-3.)

2. This Court will resolve the motion to withdraw the reference upon a review of the papers and without conducting oral argument. See L.Civ.R. 78.1(b). This Court

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

presumes that the parties are familiar with the factual context and the procedural history of the action, particularly because this Court has previously issued comprehensive Opinions resolving other motion practice in this case. (See dkt. 24; dkt. 25; dkt. 101; dkt. 102.)

3. The plaintiff alleges that all of the defendants, including the defendants' officers and employees, participated in a scheme to facilitate the immediate and fraudulent transfer of the assets and business records of the defendant Checkolite International, Inc. (hereinafter, "Checkolite") to the Enchante Defendants. (See dkt. 101 at 4.) The plaintiff alleges that the goal of the scheme was to render Checkolite insolvent, and to thereby deprive the plaintiff of the commissions that Checkolite owed to him. (Id.)

4. This Court referred the plaintiff's claims that were asserted in this action to the Bankruptcy Court, because those claims appeared to be hopelessly intertwined with the issues concerning Checkolite's insolvency that were the subject of a proceeding for bankruptcy relief. See In re Checkolite International, Inc., Bankr. D.N.J. No. 15-24827. (See dkt. 101; dkt. 102.) Indeed, Checkolite had listed the plaintiff as the holder of an unsecured nonpriority claim for approximately $154,000 in commissions in the bankruptcy proceeding, and had listed the instant District Court action in the statement of financial affairs in the bankruptcy petition. (See dkt. 101 at 9.)

5. The plaintiff now moves to withdraw the reference, because the Bankruptcy Court had already closed the bankruptcy proceeding by the time that his claims were

administratively referred to the Bankruptcy Court. See In re Checkolite International, Inc., Bankr. D.N.J. No. 15-24827, dkt. 25.

6. However, as the Enchante Defendants have pointed out in opposition to the motion to withdraw the reference, the Bankruptcy Court has opened an adversary proceeding in order to address the plaintiff's claims that have been referred by this Court. See In re Checkolite International, Inc., Bankr. D.N.J. No. 15-24827, dkt. 26; see also Mizrahi v. Checkolite International, Inc., Bankr. D.N.J. No. 17-1164.

7. Since an adversary proceeding has been opened, this Court is still permitted to continue the reference of the plaintiff's claims to the Bankruptcy Court, and the Bankruptcy Court is still permitted to address those claims. This is particularly true in this case because the plaintiff's allegations concern the alleged fraudulent transfer of assets from the debtor in the bankruptcy proceeding, i.e., Checkolite. See 28 U.S.C. § 157; 28 U.S.C. § 1334; see also Snyder v. Quinlan (In re Snyder), 328 Fed.Appx. 836, 838 (3d Cir. 2009) (holding that a Bankruptcy Court possesses the authority to conduct an adversary proceeding related to a debtor's assets, even if the Bankruptcy Court had closed the debtor's primary bankruptcy case).

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this _13th_ day of April, 2017, **ORDERED** that the plaintiff's motion to withdraw the reference of his claims to the United States Bankruptcy Court for the District of New Jersey **(dkt. 105)** is **DENIED**.

JOSE L. LINARES
United States District Judge

4